**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., ) | | |
| and FLFMC, LLC, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 2:10-cv-00230-LPL | |
| ) | | |
| OHIO ART COMPANY, ) | | |
| ) | | |
| Defendant. ) | | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Under Fed. R. Civ. P. 12(b)(1), Defendant The Ohio Art Company (identified as "Ohio Art Company" above) (hereinafter "Ohio Art") respectfully files this Motion to Dismiss the Complaint filed by FLFMC LLC ("FLFMC").  Even if all of FLFMC's allegations are true that the Etch A Sketch® was marked with an expired patent, FLFMC cannot establish constitutional or prudential standing.  FLFMC has not alleged, nor has it suffered, any harm or injury-in-fact. It is undisputed that:  FLFMC was formed in January of this year; this lawsuit was filed in February of this year; and FLFMC and Ohio Art are not competitors.  Pursuant to Rule 12(b)(1), Ohio Art requests that the Court dismiss FLFMC's Complaint, in its entirety and with prejudice, because FLFMC does not have standing to bring this suit as it does not meet the case or controversy requirement of the U.S. Constitution Art. III.   Even assuming constitutional standing existed, FLFMC cannot establish prudential standing because its lawsuit is nothing more than a generalized grievance which is shared by every other United States citizen. Accordingly, this Court does not have subject matter jurisdiction over the matter.

Ohio Art (alternatively) moves to dismiss any and all false marking claims based upon alleged violations occurring prior to the five-year statute of limitations because any such claim fails as a matter of law under Fed. R. Civ. P. 12(b)(6).

In support of this Motions, Ohio Art relies upon the following materials:

a. FLFMC's Complaint (Dkt. #1);

b. Public records regarding FLFMC, attached as Exhibit 1;

c. Publicly-available information regarding FLFMC's counsel, attached as Exhibit 2;

d. The Affidavit of paralegal Rebecca D. Johnson, attached as Exhibit 3;

e. The Affidavit of William C. Killgallon, Ohio Art's Chairperson, attached as Exhibit 4;

f. A supporting Brief contemporaneously filed with this Motion.

WHEREFORE, Ohio Art respectfully requests that the Court grant its Rule 12(b)(1) Motion and dismiss this action in its entirety with prejudice. Alternatively, and if this case proceeds at all, the Court should dismiss all claims based on any violations occurring before February 17, 2005. FLFMC's Complaint fails to state a claim upon which relief can be granted to the extent it seeks to recover damages beyond the limitations period.

        Respectfully submitted,

        s/ *Gary C. Furst*
        Gary C. Furst (*pro hac vice*)
        (gary.furst@btlaw.com)
        Adam L. Bartrom (*pro hac vice*)
        (adam.bartrom@btlaw.com
        BARNES & THORNBURG LLP
        600 One Summit Square
        Fort Wayne, IN  46802
        Telephone:  (260) 423-9440
        Facsimile:   (260) 424-8316

        – AND –

        Kimberly A. Brown (#56200)
        (KBrown@thorpreed.com)
        THORP REED & ARMSTRONG, LLP
        One Oxford Centre, 14th Floor
        301 Grant Street
        Pittsburgh, PA  15219
        Telephone:  (412) 394-2323
        Facsimile:   (412) 394-2555

        ATTORNEYS FOR DEFENDANT,
        THE OHIO ART COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy of the foregoing **Motion to Dismiss Plaintiff's Complaint** was filed and served electronically via the Court's CM/ECF system this 28th day of April, 2010, upon the following:

> David G. Oberdick, Esquire
> Tony J. Thompson, Esquire
> MEYER, UNKOVIC & SCOTT, LLP
> 1300 Oliver Building
> Pittsburgh, PA  15222

> *s/ Gary C. Furst*
> One of the Attorneys for Defendant
> The Ohio Art Company

FWDS02 97279v1