IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel.,
and FLFMC, LLC,

        Plaintiffs,

v.                                      Case No. 2:10-cv-00230-LPL

OHIO ART COMPANY,

        Defendant.

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)

Gary C. Furst (*pro hac vice*)
gary.furst@btlaw.com
Adam L. Bartrom (*pro hac vice*)
adam.bartrom@btlaw.com
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN  46802
Telephone:  (260) 423-9440
Facsimile:  (260) 424-8316

Kimberly A. Brown
PA ID No.: 56200
KBrown@thorpreed.com
THORP REED & ARMSTRONG, LLP
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA  15219
Telephone:  (412) 394-2323
Facsimile:  (412) 394-2555

Attorneys for Defendant,
The Ohio Art Company

{01122573}

FLFMC's response to Ohio Art's motion reinforces why this Court should transfer this action. FLFMC does not identify any witnesses or documents in this or any other district, and it does not dispute that its only connection to this district is that FLFMC exists on paper here because it was organized by attorneys who practice here. The following facts remain undisputed by FLFMC's response:

- FLFMC was formed in January of this year and filed this lawsuit 19 days later;
- FLFMC's sole business purpose appears to be litigating false marking actions;
- FLFMC has no witnesses who reside in this district;
- FLFMC has no documents that are housed in this district;
- FLFMC's "business" will not be interrupted by transfer;
- Ohio Art's witnesses are located in or near Bryan, Ohio, along with its documents; and
- Ohio Art's preferred forum (N.D. of Ohio) poses no hardship to FLFMC.

At least for these reasons, the Court should transfer this action.

In its response, FLFMC relies heavily upon The Honorable Arthur J. Schwab's recent decision in FLFMC's case against Ace Hardware (Dkt. #17: Resp. Br. at 1, 3, 6, 10, 13-14); suggests that Ohio Art applied the wrong legal standard (id. at 2-4); and implies that the false marking statute is a strict liability statute (id. at 8-9). Each of these arguments (among other issues) are addressed below.

### A. FLFMC's Reliance Upon the "Advertising" Prong of the False Marking Statute does not Show or Tend to Show that Transfer is Improper.

FLFMC suggests that transfer is improper because its complaint alleges "that Ohio Art has advertised and sold the infringing product in this district." (Dkt. #17: Resp. Br. at 8-9). FLFMC implies that the mere act of advertisement precludes transfer. Whether the use of a patent in advertising states a claim under §292, however, is separate from whether transfer is appropriate. Moreover, the mere act of advertising does not show liability absent intent. The Federal Circuit has made clear that §292 is not a strict liability statute. Clontech Labs., Inc. v.

{01122573}

Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) ("We see no reason to interpret the statute differently to render it a statute of strict liability for mismarking.").

The intent prong cannot be overlooked as FLFMC seemingly suggests in its transfer analysis. The Ohio Art witnesses who can testify regarding its patent marking, marketing and advertising decisions associated with the Etch A Sketch are not located in this district but rather they are all in or near Bryan, Ohio. This Court has repeatedly recognized that the "convenience of the witnesses has been considered a 'particularly significant factor.'" Horgas v. Regions Bank, 2009 U.S. Dist. LEXIS 22437, at *27, n.17 (W.D. Pa. 2009) (citation omitted); Ferrari Importing Co. v. Unique Sports Prods., Inc., 2009 U.S. Dist. LEXIS 110742, at *28, n.30 (W.D. Pa. 2009) (same). Without any identified witnesses, FLFMC cannot claim any inconvenience.[1]

**B.      Ohio Art did not Apply the Wrong Legal Standard.**

FLFMC asserts that Ohio Art's motion is "premised upon a standard that does not apply in this case" and suggests that Ohio Art's citation to Federal Circuit decisions alters the result. (Dkt. #17: Resp. at 3-4). FLFMC's assertions in this regard are wrong. Several transfer cases from the Third Circuit and from this Court are cited throughout Ohio Art's brief. (Dkt. #13: Transfer Br. at 6-9, 12, 14). In any event, the private interest factors considered by the Third Circuit and in the Federal Circuit cases applying the regional circuit law that Ohio Art cited largely overlap.[2] Moreover, Ohio Art did not argue that this Court should adopt a hard and fast 100-mile radius rule as FLFMC suggests. Ohio Art merely stated its witnesses are in a different

---

[1] FLFMC's related argument about the alleged "harm" felt in this district is meaningless absent a witness in this district to testify about the alleged harm. It is undisputed that FLFMC and Ohio Art are not competitors. In any event, FLFMC in essence concedes that Pennsylvania's interest is no different than 48 other states. When arguing against judicial efficiency, it asserts that "Ohio Art's false marking of products takes place in all 50 states." (Dkt. #17: Resp. at 13).

[2] Compare Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1999) with In re TS Tech Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008).

01122573.DOC

forum. The case law that Ohio Art cited is consistent with cases from this Court that pay particular attention to the convenience of witnesses. See supra §(A). This factor is compelling here because FLFMC has not identified one witness, and all of Ohio Art's anticipated witnesses (including a former employee) live in or near Bryan, Ohio. Simply put, the Western District of Ohio is closer to where all the witnesses and documents are housed. See Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp. 2d 448, 456 (E.D. Pa. 1999) (concluding that transfer to New York was appropriate because many records were retained there, the location was more proximate to witnesses who would be deposed, and unquantified additional cost to plaintiff was insufficient to block transfer); Nat'l Mortgage Network, Inc. v. Home Equity Centers, Inc., 683 F. Supp. 116, 119 (E.D. Pa. 1998).

C.  **The Recent Decision in *Ace Hardware* is not Dispositive.**

FLFMC relies heavily upon Judge Schwab's recent decision in FLFMC's case against Ace Hardware. (See Case No. 2:10-cv-229). This decision is not dispositive because the transfer analysis is "individualized" and determined on a case-by-case basis. Elan Suisse Ltd. v. Christ, 2006 U.S. Dist. LEXIS 93861, *3 (E.D. Pa. 2009). There, Judge Schwab determined that the "comparison of private interests [was] a 'wash,'" reasoning that the "primary inconvenience of which Ace complains concerns the perceived inconvenience to a *non-party*, Newell Rubbermaid, Inc., the entity that, according to Ace, actually 'marks' the accused products with the expired patent number." (See Case No. 2:10-cv-229 at Dkt. #25: Order at 2-3). The court's reasoning in this regard is seemingly explainable because Newell was located in North Carolina – not in the requested transferee forum – and Newell was already going to have to travel for another false marking case. In opposing Ace's transfer motion, FLFMC emphasized this fact:

> Moreover, Newell, the only third party referenced by Ace, is located in North Carolina and its relevant decision-makers purportedly are located in Wisconsin, thus these potential non-party witnesses would be required to travel a

3

01122573.DOC

significant distance to litigate in either fora. None of those purportedly critical witnesses and associated documents are in Illinois.

(Id. at Dkt. #21: FLFMC's Resp. at 8).

Unlike the Ace Hardware case, all of the identified witnesses to date are located in or near Bryan, Ohio. This is not a situation in which witnesses will have to travel significant distances no matter where the case proceeds. If this case is not transferred, they will have to travel approximately 300 miles to Pittsburgh whereas transfer will allow a significantly shorter travel distance to Toledo.[3]

### D. FLFMC's Choice of Forum is Entitled to Little (if any) Weight, and FLFMC has not Explained Why Transfer Would be Inconvenient.

Ohio Art cited numerous cases in its opening brief that a *qui tam* plaintiff's forum choice is not entitled to deference. (Dkt. #13: Transfer Br. at 7-8). FLFMC's assertion that Ohio Art's position in this regard "is directly at odds with the Federal Circuit's interpretation of Section 292" in Bon Tool is wrong. (Dkt. #17: Resp. at 6). The Federal Circuit's Bon Tool decision was not a transfer case and did not hold that *qui tam* relators were immune from transfer. See, e.g., United States *ex rel.* Penizotto v. Bates East Corp., 1996 U.S. Dist. LEXIS 10316, at *5-7 (E.D. Pa. 1996) (reasoning that a *qui tam* relator's choice of forum was entitled to less weight than the Government's choice because the "United States is the real plaintiff in *qui tam* actions [and] the relator's choice of forum is entitled to relatively little weight.").

In the end, the only connection that FLFMC has to this forum is that FLFMC's counsel is located here and, as a result, it exists on paper here. The convenience of counsel, however, is meaningless. Solomon v. Cont'l. Am. Life Ins. Co., 472 F.2d 1043, 1047 (3rd Cir. 1973). The

---

[3] Notably, the Court in Ace Hardware did not appear to have before it case law holding that a *qui tam* plaintiff's choice of forum is entitled to little (if any) deference. While Ace Hardware made this argument, the argument does not appear to have been accompanied by case law.

4

Court should similarly disregard FLFMC's unsupported suggestion that it will be inconvenienced or financially harmed because it "is a newly-formed Pennsylvania limited liability company of modest means." (Dkt. #17: Resp. at 9-10). There is no basis (affidavits, financial records, etc.) supporting this assertion. FLFMC was apparently created for the sole purpose of pursuing false claims actions. Applying §1404(a), the Eastern District of Pennsylvania's discounted a plaintiff's choice of forum because the plaintiff's main business (like FLFMC) was litigating disputes:

> Thus, EVCO appears to exist only on paper in Allentown. While neither party claims that the Eastern District of Pennsylvania is not EVCO's "home forum," PSE notes EVCO's lack of an established business here and points out that EVCO's primary business activities in Pennsylvania involve litigation relating to the enforcement of the patent at issue. EVCO responds that its business activities have focused primarily on license agreements and lawsuits related to establishing itself as a business in the United States. However, to the extent that the court can decipher, EVCO's business has yet to extend beyond this litigation. Therefore, the general rule affording considerable weight to the plaintiff's choice of forum is less applicable here in light of EVCO's lack of established business activities in Pennsylvania.

EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc., 397 F. Supp. 2d 728, 730 (E.D. Pa. 2005). Simply put, transfer will not interrupt FLFMC's business. See, e.g., Nat'l Mortgage Network, 683 F. Supp. at 119.

## CONCLUSION

For the reasons set forth in Ohio Art's motion to transfer, opening brief, and this reply, Ohio Art respectfully requests that the Court transfer this action to the Northern District of Ohio, Toledo Division.

Respectfully submitted,

s/ *Kimberly A. Brown*
Kimberly A. Brown
PA ID No.: 56200
KBrown@thorpreed.com
THORP REED & ARMSTRONG, LLP
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA  15219
Telephone:  (412) 394-2323
Facsimile:   (412) 394-2555

AND

Gary C. Furst (*pro hac vice*)
gary.furst@btlaw.com
Adam L. Bartrom (*pro hac vice*)
adam.bartrom@btlaw.com
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN  46802
Telephone:  (260) 423-9440
Facsimile:   (260) 424-8316

Attorneys for Defendant,
The Ohio Art Company

01122573.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy of the foregoing Defendant's Reply Brief in Support of Motion to Transfer Venue Under 28 U.S.C. §1404(a) was filed and served electronically via the Court's CM/ECF system this 26th day of May, 2010, upon the following:

David G. Oberdick, Esquire
Tony J. Thompson, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
Pittsburgh, PA  15222


*s/ Kimberly A. Brown*

{01122573}